Carmen **MOCHIZUKI**, et al., Plaintiffs,

v.

The **UNITED STATES**, Defendant.

No. 97–294 C.

United States Court of Federal Claims.

June 11, 1998.

Robin Toma, Los Angeles, CA, with Paul L. Mills, Fred Oakrand, Mark D. Rosenbaum, Paul L. Hoffman, Manjusha Kulkarni, for Plaintiffs.

Kathryn D. Ray, Washington, DC, with whom were Vincent M. Garvey, Deputy Director, Federal Programs Branch, Civil Division, U.S. Department of Justice, for Defendant.

## *ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT*

SMITH, Chief Judge.

The court congratulates both the representatives of the United States and the representatives of the plaintiffs for reaching what the court considers a fair and moral settlement of this case. It reflects well on the moral integrity of our Nation. Settlements, unlike cases, may be much broader than the relief available in court. A judge is circumscribed by both the Constitution and the laws under which the claim is brought. A settlement is an independent agreement of the parties. When the United States is involved, as one of those parties, the court must defer to the representative of the United States as the best exponent of the interests of the United States. While the court may not substitute its judgment for what is in the best interests of the United States, the court is impelled to offer three comments. First, the settlement is not only a good settlement, but appears, preliminarily to be a very fair one. This is a very preliminary judgment in

---

light of the tight time frame. Secondly, absent unusual circumstances, it would seem directly contrary to the statute's purpose and moral intent to include either citizens of the Empire of Japan at the time of the war or employees of the Empire of Japan during that same period. While the court does not condition its approval upon this issue for the reasons stated above, it does feel constrained to make this qualification in light of the strong position the court has taken favoring this settlement. Third, the court also has some concerns about the definition of internment in the agreement. If the parties believe it is adequate, then the court is satisfied. However, the court does not want to see this as a potential source of litigative dispute in the future.

This matter came before the Court on the parties' Joint Motion for Preliminary Approval of Settlement Agreement. Having considered the Joint Motion and the Settlement Agreement, it is hereby ordered, that:

1. Pursuant to RCFC 23, the Court preliminarily certifies a class consisting of: persons who have not previously received payments under the Civil Liberties Act of 1988 from the Office of Redress Administration, United States Department of Justice, and who are (a) persons of Japanese ancestry who were living in Latin America before World War II and who were interned in the United States at any time during the period from December 7, 1941, to June 30, 1946; OR (b) persons who are the spouses, children or parents of persons who died after August 10, 1988, and who met the qualifications of (a) above;

2. Class members as described above shall have the opportunity to opt out of the class in the manner specified in the notices attached as Exhibits 1 and 2 to the parties' Joint Motion for Preliminary Approval of Settlement Agreement and Entry of Judgment;

3. The Court preliminarily approves the Settlement Agreement entered by the parties on June 10, 1998, as fair, reasonable, and adequate;

4. The Notice of Proposed Settlement of Class Action Lawsuit in the form attached as Exhibit 1 to the parties' Joint Motion for Preliminary Approval of Settlement Agreement and for Entry of Judgment is hereby approved. The Clerk of the Court is directed to execute the notice and to insert in the notice the date and location of the fairness hearing as set forth below. The Clerk shall deliver the executed notice to Kathryn Ray, United States Department of Justice, Post Office Box 883, Washington, D.C. 20044. With respect to copies of this notice that are translated into other languages, defendant shall insert the date and location of the fairness hearing, and the Clerk's signature is not required. Not later than twenty-five days after the Clerk's delivery of the notice, defendant shall mail the notice and attached forms to the last known addresses of all potential class members who have applied to the Office of Redress Administration for redress payments under the Civil Liberties Act of 1988, 50 U.S.C. §§ 1989b, 1989b–9;

5. The Notices of Proposed Settlement in Class Action Lawsuit Involving Latin American Japanese attached as Exhibits 2 and 3 to the parties' Joint Motion for Preliminary Approval of Settlement Agreement are hereby approved. Defendant is directed to cause these notices to be published and/or distributed in the manner prescribed in paragraphs 7 through 9 of the Settlement Agreement;

6. A hearing shall be held at the United States Court of Federal Claims at 3:00 p.m. EST, on November 17, 1998, to determine the reasonableness, adequacy and fairness of the Settlement Agreement and whether it should be approved by the Court;

7. Any potential class member who objects to approval of the Settlement Agreement must do so in the manner and within the time specified in the notices referenced in paragraphs 4 and 5 of this Order; and

8. It is hereby determined that the giving of notice as provided in paragraphs 4 and 5 above will constitute due and sufficient notice pursuant to the Settlement Agreement to all persons entitled to such notice.

EXHIBIT

Filed: June 12, 1998

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT

To: Persons who have not previously received payments under the Civil Liber-

ties Act of 1988 from the Office of Redress Administration, United States Department of Justice, and who are: (a) persons of Japanese ancestry who were living in Latin America before World War II and who were interned in the United States at any time during the period December 7, 1941, to June 30, 1946; or (b) persons who are the spouses, children or parents of persons who died after August 10, 1988, and who met the requirements of (a) above.

From: Clerk of the United States Court of Federal Claims

Re: Proposed settlement of litigation seeking payments for Latin American Japanese under the Civil Liberties Act of 1988.

**PLEASE READ THIS NOTICE IN FULL. IT CONTAINS INFORMATION REGARDING LEGAL RIGHTS.**

### Background

This notice is to advise you that a proposed settlement agreement has been reached in this case, *Mochizuki, et al. v. United States,* No. 97–294C. If you meet the requirements stated in the first paragraph of this notice, your legal rights may be affected by this settlement agreement.

On May 20, 1997, five persons of Japanese ancestry (referred to in this Notice as "plaintiffs") who were living in Latin America before World War II and who were interned in the United States during the war filed a proposed class action Complaint in the United States Court of Federal Claims seeking payments under the Civil Liberties Act of 1988. The Civil Liberties Act of 1988 provides for payments of $20,000 to each eligible individual.

Among other things, the Act requires that, to be eligible, an individual must have been a United States citizen or permanent resident alien during the period from December 7, 1941 to June 30, 1946. Also, an individual must not have relocated during the period December 7, 1941 to September 2, 1945 to a country with which the United States was at war. Plaintiffs claimed that these provisions

should not be applied to prevent them from receiving payments under the Civil Liberties Act of 1988. The United States (referred to in this Notice as "defendant") does not agree that plaintiffs are eligible for payments. The Court has not yet made any decision on plaintiffs' claims.

To be eligible, an individual also must have been alive on August 10, 1988. If an eligible individual died after that date, his or her spouse, children or parents may in certain cases receive payment.

The Civil Liberties Act of 1988 established a fund, called the Civil Liberties Public Education Fund, to make payments to eligible individuals. The Civil Liberties Public Education Fund terminates when the funds are depleted or on August 10, 1998, whichever occurs earlier.

### Proposed Settlement

The plaintiffs have entered into a settlement agreement with defendant, and the settlement agreement has been submitted to the United States Court of Federal Claims for approval. The Court has preliminarily ruled that this case may be maintained as a class action. The class includes those persons described in the first paragraph of this Notice, who will be referred to in this Notice as "class members." In considering whether to approve the settlement, the Court must decide whether the settlement is fair, reasonable and adequate. This notice describes the main terms of the proposed settlement. It also gives the options of individuals who may be affected by the settlement, and tells how to get more information on the settlement.

The main terms of the proposed settlement are:

* Class members who were interned and who are living at the time of payment are entitled to payments of $5,000, to the extent that funds are available in the Civil Liberties Public Education Fund.
* Class members who are spouses, children or parents of former internees who were alive on August 10, 1988, but who are now deceased, may be entitled to a payment or to share in a payment of $5,000, to the extent that funds are avail-

able in the Civil Liberties Public Education Fund.

* Class members are entitled to a letter of apology from the President of the United States.
* Those class members who do not file a request to be excluded from the class are bound by the settlement, and they release the United States from any claims they might have brought in the lawsuit other than claims based on the terms of the settlement.
* A class member's acceptance of payment under the Settlement Agreement will be in full satisfaction of all claims against the United States relating to his or her internment (or, in the case of an heir to an individual who was interned, the internment of the class member's spouse, parent or child).

If you would like a copy of the proposed settlement or more information, please write, fax or call the plaintiffs' lawyer, Robin S. Toma, ATTN: Mochizuki Lawyers, c/o Susan Simpson, ACLU, 1616 Beverly Blvd., Los Angeles, CA 90026, Fax: (213) 250–3919, Telephone: (213) 974–7640 (English and Spanish), or call Ayako Hagihara at (310) 344–1893 (Japanese).

### Your Options

If you meet the qualifications stated in the first paragraph of this Notice, you have the following options:

1) *You may remain a member of the class.* If you wish to remain a class member and participate in any final settlement, you should complete the enclosed INFORMATION FORM to ensure that the parties and the Court can locate you. You should complete this form and send it to the following address:

United States Department of Justice
Civil Rights Division
Office of Redress Administration
ATTENTION: Latin American Claims
P.O. Box 66260
Washington, D.C. 20035–6260.

Your INFORMATION FORM should be postmarked by August 10, 1998. If you complete the INFORMATION FORM in English, it will greatly assist in keeping records on the information you provide. If you wish to remain a class member, DO NOT complete the attached REQUEST FOR EXCLUSION form. You will be included in the class, and any final settlement and judgment in this case will be binding on you if you decide not to be excluded.

The following attorneys are currently representing the plaintiffs and class members:

Attorney of Record: Robin S. Toma
Of Counsel: Paul L. Mills, Fred Okrand, Mark D. Rosenbaum, Paul L. Hoffman, Manjusha P. Kulkarni.

If you wish, you may appear in this action through your own attorney. Your attorney must file a notice of entry of appearance in English by **September 10, 1998** with the Clerk, United States Court of Federal Claims, 717 Madison Place, N.W., Washington, D.C., 20005, and send a copy to the attorneys of record for the plaintiffs and defendant whose addresses are given at the end of this notice.

If you wish to remain a class member and you object to the proposed settlement agreement, you may present your objections in the manner provided for in the next section of this notice, entitled "HEARING ON PROPOSED SETTLEMENT."

2) *You may request exclusion from the class.* If you wish to be excluded from the class, you must complete the attached REQUEST FOR EXCLUSION FORM and mail it to the address provided below so that it is postmarked on or before **September 10, 1998.**

United States Department of Justice
Civil Rights Division
Office of Redress Administration
ATTENTION: Latin American Claims
P.O. Box 66260
Washington, D.C. 20035–6260

If you complete the REQUEST FOR EXCLUSION FORM in English, it will greatly assist in keeping records on your request.

If you choose to be excluded from the class, you will not be included in any settlement, disposition or judgment in this case.

If you choose to be excluded from the class, you may have the right to bring your own lawsuit against the defendant. Before you file a request to be excluded from the class, you may wish to consult with an attorney of your choice or with attorney for the class, Paul Mills (in English or Spanish) by writing to: Paul Mills, Esq., 3435 Wilshire Blvd., Suite 2900, Los Angeles, CA 90010, or by faxing Paul Mills at (310) 837-3399.

### Hearing on the Proposed Settlement

Chief Judge Loren A. Smith will hold a hearing on the proposed settlement on the 17th day of November, 1998, at 3:00 p.m. EST, in Courtroom 4, United States Court of Federal Claims, 717 Madison Place, N.W., Washington, D.C., 20005. The purpose of this hearing is to decide if the settlement is fair and reasonable. Any class member who does not request to be excluded from the class and who wishes to object to the proposed settlement must file written comments by October 26, 1998. Your comments must be in English and must be received by the Court by **October 26, 1998.** Your written comments must include a statement of why you object to the settlement and why you believe the settlement applies to you. Written objections must be sent to all three of the following addresses:

Honorable Loren A. Smith
Chief Judge
U.S. Court of Federal Claims
717 Madison Place, N.W.
Washington, D.C. 20005

Robin S. Toma—Atty. of Record for Plaintiffs
c/o Susan Simpson
1616 Beverly Blvd.
Los Angeles, CA 90026

Kathryn Ray—Atty. of Record for Defendant
U.S. Department of Justice
901 E Street, N.W. Rm 936
P.O. Box 883
Washington, D.C. 20044

If you file written objections on time, you or your attorney may also appear at the hearing to object to the settlement. You are not required to appear at the hearing for the Court to consider your objections.

Date: <u>June 12, 1998</u>

/s/ [Signature]
    Clerk
    United States Court of Federal Claims

### INFORMATION FORM

1. NAME (please print clearly): ———————————————————

2. CURRENT HOME ADDRESS: ———————————————————

———————————————————————————————————

3. CURRENT HOME PHONE NUMBER: ———————————————

4. NUMBER WHERE YOU CAN BE REACHED DURING THE DAY (if different from above): ———————————————————————————————

If you wish to be included in the class settlement, you should complete this form, send it to the following address and make sure it is postmarked by **August 10, 1998.**

United States Department of Justice
Civil Rights Division
Office of Redress Administration

ATTENTION: Latin American Claims
P.O. Box 66260
Washington, D.C. 20035–6260.

## REQUEST FOR EXCLUSION

The undersigned does not wish to be a member of the plaintiff class in *Mochizuki, et al. v. United States,* No. 97–294C, pending in the United States Court of Federal Claims.

Date: _____

_____
(Name)

_____
(Address)

_____

_____

_____
(Signature)

If you wish to exclude yourself from the class, this completed form must be postmarked by **September 10, 1998** and sent to the following address:

United States Department of Justice
Civil Rights Division
Office of Redress Administration
ATTENTION: Latin American Claims
P.O. Box 66260
Washington, D.C. 20035–6260.